Darren P.B. Rumack
THE KLEIN LAW GROUP
11 Broadway Suite 960
New York, NY 10004
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff and the putative class.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

**GREGORIS GARCIA,** *Individually and on behalf of others similarly situated,*

                          **Plaintiff**

v.

**JT MEAT & GROCERY CORP. d/b/a FINE FARE SUPERMARKETS, RETAIL GROCERS GROUP, INC. and KEVIN TAVERA**

                          **Defendant.**

**COMPLAINT**
Index No.

RULE 23 CLASS ACTION AND COLLECTIVE ACTION UNDER 29 USC § 216(b)

**JURY TRIAL DEMANDED**

-----------------------------------------------------------------x

    1.    Plaintiff, Gregoris Garcia ("Garcia" or "Plaintiff"), individually and on behalf of others similarly situated, alleges as follows:

## NATURE OF THE ACTION

    2.    This Action on behalf of Plaintiff, individually and on behalf of other similarly situated employees of JT Meat & Grocery Corp. d/b/a Fine Fare Supermarkets ("Fine Fare" or "Franchisee Corporate Defendant"), Retail Grocers Group, Inc. ("Franchisor Corporate Defendant) and Kevin Tavera individually (collectively "Defendants"), who performed work at

Fine Fare's location at 1472 Boston Road, Bronx, NY 10460 as non-exempt, non-managerial grocery store workers (collectively "Grocery Store Workers"), seeks the recovery of unpaid wages and related damages for unpaid minimum wage and unpaid overtime hours worked, while employed by Defendants. Plaintiff seeks these damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

3. Throughout the course of Plaintiff's employment, Defendants failed to compensate its non-exempt employees with the minimum wage for all hours worked, or with overtime premiums for hours worked over 40 per workweek.

4. Plaintiff and Grocery Store Workers are not exempt from the overtime pay requirements under federal or state law.

5. Defendants have failed to monitor and/or properly record the actual hours worked by its non-exempt employees.

6. Defendants have applied the same employment policies, practices and procedures to all of its Grocery Store Workers.

7. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt Grocery Store Workers pursuant to Federal Rule of Civil Procedure ("FRCP") 23 to remedy violations of the New York Labor Law ("NYLL"), Article 6 §§ *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in

this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## PARTIES

10. Plaintiff Gregoris Garcia, a resident of New York State, was employed as a grocery store employee for Defendants at their store location at 1472 Boston Road, Bronx, NY, 10460, from on or about January 2015 through May 2016. Plaintiff was employed by Defendants during the relevant limitations periods.

11. Plaintiff's consent to sue form is attached as Exhibit "A."

12. Franchisee Corporate Defendant (JT Meat & Grocery Corp.) is a New York Corporation and operates a supermarket located at 1472 Boston Road, Bronx, NY 10460.

13. Upon information and belief, Franchisee Corporate Defendant is licensed to operate a Fine Fare store under contract with Franchisor Corporate Defendant.

14. Upon information and belief, Defendant Kevin Tavera is the owner of Franchisee Corporate Defendant.

15. Franchisor Corporate Defendant (Retail Grocers Group) is a New Jersey Corporation with its principal office located at 455 16th Street, Carlstadt, New Jersey 07072.

16. Upon information and belief, both Franchisor Corporate Defendant and Franchisee Corporate Defendant have an annual gross volume of sales in excess of $500,000.00.

17. Franchisor Corporate Defendant's website states that it is a group of over sixty (60) stores located in New York, New Jersey and Pennsylvania.[1]

18. Franchisor Corporate Defendant's website identifies Retail Grocers Group in the privacy and terms of use pages, and each page of the website lists Retail Grocers Group at the bottom of the page.

19. Upon information and belief, Franchisor Corporate Defendant grants franchises to operate Fine Fare stores in New York state, and grants sublicenses to franchisees to use Fine Fare trademarks.

20. Additionally, Franchisee Corporate Defendant's website links to Franchisor's Corporate Defendant's website.[2]

21. Upon information and belief, Franchisor Corporate Defendant knew or should have known of work performed by Plaintiff and Grocery Store Workers and/or knew or should have known of the unlawful policies of requiring Plaintiff and Grocery Store Workers to work without providing the minimum wage, overtime and spread of hours compensation required by federal and state law and regulations.

22. Upon information and belief, Franchisor Corporate Defendant had the power to stop the work/and or violations, but did not do so.

23. At all relevant times, and as a matter of economic reality, Franchisor Corporate Defendant and Franchisee Corporate Defendant were employers of Plaintiff and Grocery Store Workers within the meaning of the NYLL and FLSA, and employed and/or jointly employed Plaintiff and Grocery Store Workers within the meaning of the NYLL and FLSA.

---

[1] http://www.finefaresupermarkets.com/AboutUs.aspx
[2] http://www.myfinefare.com/

24. Facts which demonstrate that Franchisor Corporate Defendant was an employer of Plaintiff and Grocery Store Workers include:

   a. Defendants all suffered or permitted Plaintiff and Grocery Store Workers to work.

   b. Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiff and Grocery Store Workers.

   c. Defendants each have an economic interest in the Fresh Fare location(s) in which Plaintiff and Grocery Store Workers work.

   d. Defendants all simultaneously benefit from Plaintiff and Grocery Store Workers' work.

   e. Defendants each had either functional and/or formal control over terms and conditions of work of Plaintiff and Grocery Store Workers.

   f. Plaintiff and Grocery Store Workers performed work integral to each Defendant's operation.

25. At all relevant times, Defendants have maintained control, oversight and direction over Plaintiff and Grocery Store Workers, including timekeeping, payroll and other employment practices.

26. At all relevant times, corporate Defendants have been and continue to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

27. All Defendants are hereinafter collectively referred to as "Defendants."

### FLSA COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 USC § 216(b), on behalf of all similarly situated non-

executive employees who were employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

29. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required minimum wage and one half and one half times the employees' regular rate of pay for work in excess of (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

30. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 USC § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants and via email.

## CLASS ACTION ALLEGATIONS

31. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this lawsuit as a class action on behalf of all similarly situated non-executive, non-exempt employees of Defendants at the 1472 Boston Road location, or who have been or are employed by Defendants within six years prior to the filing of this Complaint (the "Rule 23 Class" or the "Class").

32. **Numerosity**: The potential number of persons in the Class is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims

through this class action will benefit both the parties and this Court. The number of persons in the Class is unknown to Plaintiff at this time; however, it is estimated that the number exceeds 40 individuals.

33. **Commonality and Typicality**: The claims of Plaintiff (for misclassification as an exempt employee) are typical of the claims of all of the other members of the Class because all of them sustained similar injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all of the other members of the Class were caused by Defendants' wrongful conduct as described in this Complaint.

34. **Ascertainable Class**: The proposed Class is ascertainable in that its members can be identified and located using information contained in Defendants' payroll and personnel records.

35. **Adequacy**: Plaintiff is an adequate representative of the Class; will fairly protect the interests of the other members of the Class; has no interests antagonistic to the members of the Class; and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type. Class Counsel is competent and experienced in litigating large wage payment class actions.

36. **Superiority**: The nature of this action makes the use of the class action vehicle a particularly efficient and appropriate procedure to afford relief to Plaintiff and the other members of the Class for the wrongs alleged herein, as follows:

    a. This case involves a large corporate Defendant and a large number of individuals with many relatively small claims and common issues of law and fact;

b.      If each individual member of the Class was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because, with its vastly superior financial and legal resources, it would be able to exploit and overwhelm the limited resources of each individual member of the Class;

c.      Requiring each individual member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by members of the Class who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation;

d.      The Prosecution of separate actions by the individual members of the Class, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual members of the Class against Defendants; would establish potentially incompatible standards of conduct for Defendants, would result in legal determination with respect to individual members of the Class which would, as a practical matter, be dispositive of the interest of the other members of the Class who are not parties to the adjudications; and/or would substantially impair or impede the ability of the members of the Class to protect their own interests;

e.      The claims of the individual members of the Class may not be sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses thereto;

  f. Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expense and burden of individual litigation would make it difficult of impossible for individual member of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action; and

  g. The costs to the court system of adjudication of such individualized litigation would be substantial.

## FACTUAL ALLEGATIONS

37. Defendants committed the following alleged acts knowingly, willfully and intentionally.

38. Defendants knew that the nonpayment of minimum wage and overtime pay to Plaintiff and the Grocery Store Workers would economically injure Plaintiff and the Grocery Store Workers and violated state and federal laws.

39. Plaintiff was employed as a grocery store employee for Defendants from January 2015 through May 1, 2016 at Fine Fare's location at 1472 Boston Road, Bronx, NY 10460.

40. Plaintiff worked at the location's butcher counter, preparing meat and cutting and preparing food.

41. Throughout the course of his employment, Plaintiff generally worked six (6) days per week for Defendants.

42. Throughout the course of his employment, Plaintiff regularly worked seven (7) hours per day, five (5) days per week, and would work thirteen (13) hours per day on Sundays.

43. Plaintiff was paid at a rate of $8.75 per hour, until February 2016, at which point he received $9.00 per hour through the end of his employment.

44. Plaintiff was paid entirely in cash.

45. Every week, Plaintiff and the Grocery Store Workers were paid cash in envelopes that listed their hours worked for the week.

46. However, the hours worked listed on the envelopes were often incorrect, and as a result, Plaintiff and the Grocery Store Workers were not paid for all hours worked.

47. Defendants would also deduct one (1) hour of pay for meal breaks, even though Plaintiff and the Grocery Store Workers would receive at most thirty (30) minutes off per day.

48. Plaintiff and the Grocery Store Workers often worked in excess of forty (40) hours per workweek.

49. Plaintiff and the Grocery Store Workers were paid straight time for their hours worked over forty (40) per week.

50. Defendants unlawfully failed to pay the Plaintiff and the Grocery Store Workers one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek.

51. Defendants did not pay Plaintiff and the Grocery Store Workers a spread of hours premium pursuant to New York state law when their workdays lasted ten (10) or more hours

52. Defendants violated the New York State's Wage Theft Prevention Act because it failed to provide Plaintiff and the Grocery Store Workers with a written notice of their rate of pay and failed to keep proper payroll records as required under New York law.

53. Defendants further violated the New York Wage Theft Prevention Act because it failed to provide Plaintiff and the Grocery Store Workers with pay stubs (or wage statements) that contained all of the required information and/or accurate information.

54. Defendant Tavera has control over Franchisee Corporate Defendant's pay procedures, including but not limited to setting rates of pay for employees.

55. Defendant Tavera had hiring and firing authority over Franchisee Corporate Defendant's employees.

56. Defendant Tavera fired Plaintiff from his position with Franchisee Corporate Defendant.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act-Minimum Wage Violations Brought By Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs**

57. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58. The minimum wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protects Plaintiff and the FLSA Collective Plaintiffs.

59. Defendants have willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

60. As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective Plaintiffs have been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

### SECOND CAUSE OF ACTION
**Fair Labor Standards Act-Overtime Wages Brought By Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs**

61. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. The overtime wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protects Plaintiff, and the FLSA Collective Plaintiffs.

63. Defendants have willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the overtime wages for hours worked in excess of forty (40) hours in a workweek.

64. As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

### THIRD CAUSE OF ACTION
**New York Labor Law-Unpaid Overtime Brought By Plaintiff on Behalf of Himself and the Rule 23 Class**

65. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

66. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff and the Rule 23 Class.

67. Defendants have willfully failed to pay Plaintiff and the Rule 23 Class the overtime wages for hours worked in excess of forty (40) hours in a workweek.

68. Defendants knowing or intentional failure to pay Plaintiff and the Rule 23 Class overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

69. As a result of Defendants' unlawful acts, Plaintiff and the Rule 23 Class have been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre and post judgment interest, costs and other compensation pursuant to the New York Labor Laws.

## FOURTH CAUSE OF ACTION
**New York Labor Law-Minimum Wage Violations Brought By Plaintiff on Behalf of Himself and the Rule 23 Class**

70. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

71. The minimum wage provisions of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff and the Rule 23 Class.

72. Defendants have willfully failed to pay Plaintiff and the Rule 23 Class the New York State minimum wage for all hours worked.

73. Defendants' knowing or intentional failure to pay Plaintiff and the Rule 23 Class minimum wage for all hours worked is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

74. As a result of Defendants' unlawful acts, Plaintiff and the Rule 23 Class have been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre-judgment and post-judgment interest, costs and other compensation pursuant to the New York Labor Laws.

## FIFTH CAUSE OF ACTION
**NYS Spread of Hours Provisions-NY Comp. Code R & Regs. Tit. 12 § 142-2.4 Brought By Plaintiff on Behalf of Himself and the Rule 23 Class**

75. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

76. Plaintiff and the Rule 23 Class regularly had workdays that lasted ten (10) hours or more.

77. Defendants willfully and intentionally failed to compensate Plaintiff and the Rule 23 Class one hour's pay at the basic New York State minimum hourly wage rate when his workdays reached or exceeded ten (10) hours, as required by New York law.

78. As a result of Defendants' willful and unlawful acts, Plaintiff and the Rule 23 Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre and post judgment interest, costs and attorneys' fees, as provided by New York Labor Laws Article 19 § 663.

### SIXTH CAUSE OF ACTION
**Recordkeeping and Wage Theft Prevention Act Violations Brought By Plaintiff on Behalf of Himself and the Rule 23 Class**

79. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

80. Defendants failed to make, keep and preserve accurate records with respect to Plaintiff and the Rule 23 Class, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

81. Defendants failed to provide Plaintiff and the Rule 23 Class with a written notice of rate of pay as required by NYLL § 195.

82. Defendants failed to provide Plaintiff and the Rule 23 Class with accurate wage statements as required by NYLL § 195.

83. Defendants' failure to make, keep and preserve accurate records was willful.

84. As a result of Defendants' willful and unlawful conduct, Plaintiff and the Rule 23 Class are entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

## **PRAYER FOR RELIEF**

85. WHEREFORE, Plaintiff, individually and on behalf of the putative class prays for relief as follows:

   a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

   b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

   c. Designation of this action as a collective action pursuant to the FLSA on behalf of the FLSA Collective Plaintiffs and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated member of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

   d. Designation of Plaintiff as a representative plaintiff of the FLSA Collective Plaintiffs;

   e. Certification of this case as a class action pursuant to Rule 23 of the FRCP.

   f. Designation of Plaintiff as representative of the Rule 23 Class and Counsel of record as Class Counsel;

   g. Penalties available under applicable laws;

   h. Costs of the action incurred herein, including expert fees;

i. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

j. Pre-judgment and post-judgment interest, as provided by law; and

k. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff on behalf of himself and the putative class hereby demands a jury trial on all causes of action and claims with respect to which they have a right.

Dated: New York, New York
August 1, 2016

Respectfully submitted,

The Klein Law Group P.C.

By: _____
Darren P.B. Rumack
11 Broadway, Suite 960
New York, NY 10004
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff and the putative class.*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Fine Fare and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

*gregorio garcia*                    7/21/16                    *Gregorio Garcia*
Signature                            Date                        Printed Name